HORACE M. GRINDELL, Plaintiff and Appellee, *v.* CITIES DELIVERY EXPRESS, INC., Defendant and Appellant.

No. 8631. Argued May 18, 1943.—Decided May 25, 1943.

R. *Hernández Matos* for appellant. *José R. Seda* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

On May 13, 1940, at approximately 8 p. m., Horace Grindell was driving his automobile on the road from Santurce to Bayamón. As he approached the Brugal distillery, shortly after he had rounded a curve, his car collided with a truck, belonging to the defendant, which was parked on the right-hand side of the road and which was not displaying any parking light. As a result of the collision, Grindell's car was damaged.

Grindell filed suit in the municipal court for $408, alleging that the defendant corporation had agreed to pay the expenses of repairing his car, but had failed to do so. The defendant corporation did not appear at the trial before the municipal court, which entered judgment in favor of the plaintiff. The defendant appealed to the district court, which found that the defendant had entered into the alleged agreement, and awarded Grindell the aforesaid sum of $408. The defendant has appealed from the judgment of the district court.

Both Grindell and Luis E. Dubón, secretary and attorney for the defendant corporation, testified that at a conference between them it was agreed that the company would pay for the repairs to the car. If such an agreement was validly entered into, the question of Grindell's negligence, if any, in hitting the defendant's truck, becomes academic. This is because the possible action *ex delicto* is converted, by the agreement of the parties, into an action *ex contractu* (Section 1709, Civil Code of P. R., 1930 ed.; *Busó et al.* v.

*Martínez,* 18 P.R.R. 994, 96; *Mejías* v. *López,* 51 P.R.R. 21, 24; *Williams et al.* v. *Smith,* 137 S. W. (2) 121 (Tex., 1940)).

The defendant asserts in its brief: "The district judge was confused in believing that our contention consisted in maintaining that the establishment of a fixed price was necessary to make the transaction valid. What we sustained, and now argue, is that there was no contract or agreement to repair, because consent was lacking." The difficulty with that theory is that the defendant offered no evidence in support thereof. It chose to rely entirely on the testimony offered by the plaintiff. Nevertheless, the defendant contends that some portions of Dubón's testimony are susceptible of the interpretation that he had referred the proposal that the company pay the expenses of repairing Grindell's car to Bonar, the president of the company, who had refused to make this commitment. But Dubón cleared up any possible doubt about the fact that the president had ratified all his actions in agreeing to pay for the said repairs when, at the close of his cross-examination by counsel for the defendant, he testified as follows:

"Q. But was there an agreement between the president and manager of the corporation, and the plaintiff, Mr. Grindell, by which the corporation would pay the cost of the repairs? A. Yes.

"Q. Was there any agreement? A. Yes, there was an agreement, because Grindell's agreement was made with me; then I immediately communicated with Bonar, and Bonar accepted my agreement, my stipulation, and the only thing Bonar discussed *afterwards* was when the bill was rendered, that Bonar said that the repairs could not amount to $400.00." (Italics ours.)

The defendant concedes that, if the parties agreed to that effect, the contract of compromise would not be vitiated by the fact that no specific amount for repairs was set forth in the agreement (See §1225, Civil Code of P. R., 1930 ed.; Sánchez Román, *Derecho Civil,* vol. IV, 2d ed., pp. 949, 953). Assuming that under such a contract the plaintiff would be

required to show that the repairs were reasonable, the plaintiff herein presented detailed evidence amply justifying the amount expended for repairs to the car, which the defendant made no effort to contradict by cross-examination or by independent testimony.

The judgment of the district court will be affirmed.